UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ABDUL MAJID SAIDI and
WALID CHEHADE,                    **INDICTMENT**

        Defendants.
_____/

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment, the following facts were true:

1. Defendant Abdul Majid Saidi was a resident of Rocky River, Ohio. Defendant Walid Chehade was a resident of Westlake, Ohio. Gilbert Elian was a resident of Grand Rapids, Michigan.

2. Samidan Trading was a trading company in Cleveland, Ohio involved in international exports of vehicles and other products. Samidan Trading was owned by defendant Walid Chehade.

3. AMS International was a business in Cleveland, Ohio involved in automobile repair, recycling for international distribution and export, and sales. AMS International was owned by defendant Abdul Majid Saidi and was located at the same street address and location as Samidan Trading.

4. The export of defense articles was regulated by the Arms Export Control Act, 22 U.S.C. § 2778 ("AECA"). Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List

("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government. Section 2778(c) established criminal penalties for any willful violation of Section 2778 or any rule or regulation thereunder.

5. The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), 22 Code of Federal Regulations, Part 120 *et seq*. These regulations established the USML and required an export license for the export of any items on the list.

6. The USML Category I(a) listed "Non-automatic and semi-automatic firearms to .50 caliber inclusive (12.7 mm)." On July 7, 2016, the State Department certified that this USML Category I(a) includes, but is not limited to, "rifles, carbines, handguns, pistols, and revolvers." Each shipment of these items therefore required the issuance of a separate license from the State Department prior to export.

7. On August 6, 2015, the State Department certified that no record exists with respect to Gilbert Elian of any registration application by, any application for an export license by, any export license granted to, or any other written approval granted to an identity so identified with Gilbert Elian regarding the exportation of defense articles.

8. On May 18, 2017, the State Department certified that no record exists with respect to Abdul Majid Saidi, Walid Chehade, Samidan Trading, or AMS International of any registration application by, any application for an export license by, any export license granted to, or any other written approval granted to an identity so identified with Abdul Majid Saidi, Walid Chehade, Samidan Trading, or AMS International regarding the exportation of defense articles.

## COUNT 1
(AECA Conspiracy)

9. The allegations contained in paragraphs 1 through 8 are realleged and incorporated by reference as if fully set forth in this paragraph.

10. Between in or about December 2011 and in or about July 2015, within the Western District of Michigan and elsewhere, the defendants,

ABDUL MAJID SAIDI and
WALID CHEHADE,

together with Gilbert Elian and others, did knowingly and willfully conspire to export from the United States to locations outside thereof defense articles that were listed on the USML, without first obtaining the required license or written approval from the State Department, in violation of 22 U.S.C. §§ 2778(b)(2) and 22 Code of Federal Regulations, Parts 121 and 123.1.

11. The object of the conspiracy was to export guns and gun parts from the United States to Lebanon for financial profit, without obtaining the required export licenses under the Armed Export Control Act and the International Traffic in Arms Regulations.

12. It was part of the conspiracy that the defendants, Abdul Majid Saidi, Walid Chehade, together with Gilbert Elian others, arranged for the export of defense articles listed under Category I(a) on the USML, including twenty firearms, from the United States without first obtaining an export license from the State Department. These firearms included:

    a. A Smith and Wesson, MP9, 9mm semiautomatic pistol, serial number DXE9125;

    b. A Beretta, PX4 Storm, 9mm semiautomatic pistol, serial number PX187510;

    c. A SIG Sauer, P938, 9mm semiautomatic pistol, serial number 52B090118;

    d. A Glock, 42, .380 caliber semiautomatic pistol, serial number ABDX703;

    e. A SIG Sauer, P938 SAS, 9mm semiautomatic pistol, serial number 52B081102;

  f. A Beretta, Nano, 9mm semiautomatic pistol, serial number NU024521;

  g. A Beretta, PX4 Storm, 9mm semiautomatic pistol, serial number PZ10252;

  h. A Beretta, 90Two, 9mm semiautomatic pistol, serial number TX06249;

  i. An F.N., Five-Seven, .57 caliber semiautomatic pistol, serial number 386273529;

  j. A SIG Sauer, 1911, .45 caliber semiautomatic pistol, serial number 54B018194;

  k. A Colt, 1991A1, .45 caliber semiautomatic pistol, serial number 2846893;

  l. A Magnum, Desert Eagle, .50 caliber semiautomatic pistol, serial number DK0008600;

  m. A Heckler & Koch, VP9, 9mm semiautomatic pistol, serial number 224011553;

  n. An FNH, X-9, 9mm semiautomatic pistol, serial number FX1U032684;

  o. A Glock GMBH, G37, .45 caliber semiautomatic pistol, serial number FUD997;

  p. A SIG Sauer, P320, 9 mm semiautomatic pistol, serial number 58B009070;

  q. An Armscor, 1911, .45 caliber semiautomatic pistol, serial number RIA1556073;

  r. An F.N., Five-Seven, .57 caliber semiautomatic pistol, serial number 386193261;

  s. A SIG Sauer, 1911, .45 caliber semiautomatic pistol, serial number 54A063997; and

  t. A Glock, 26, 9mm semiautomatic pistol, serial number S/N KXM665.

  13. It was further part of the conspiracy to secrete and cause to be secreted the twenty firearms identified in Paragraph 12 above, along with twenty-three firearms magazines, wrapped in felt and plastic, and inserted inside automobile engine blocks and transmissions in or around June 2015, and place those items in a cargo shipping container addressed to a consignee in

Beirut, Lebanon.  The principal party (sender) named on the shipping manifest was Gilbert Elian, at an address in Grand Rapids, Michigan.

14. It was further part of the conspiracy that defendants Abdul Majid Saidi, Walid Chehade, together with Gilbert Elian who traveled from the Western District of Michigan to the Northern District of Ohio, and others, in or about June 2015, caused employees at AMS International, located in the Northern District of Ohio, to falsely indicate on the shipping export documents filed on June 26, 2015 that the shipment contained "used auto parts" with no reference to the firearms secreted inside the automobile engine blocks and transmissions, falsely indicating that the shipment did not require a license to be exported from the United States.  The shipping manifest contained the notation "NLR," indicating no license required.  This would have been the correct coding had the shipment contained only automobile parts and not firearms.

## OVERT ACTS

15. In furtherance of the conspiracy and to effect its unlawful objectives, the defendants Abdul Majid Saidi and Walid Chehade, together with Gilbert Elian and others, committed and caused to be committed, within the Western District of Michigan and elsewhere, the following overt acts:

16. On or about October 17, 2013, Gilbert Elian purchased a Magnum, Desert Eagle, .50 caliber semiautomatic pistol, serial number DK0008600, from Michigan Company A in Kent County, Michigan.  This pistol was recovered in Chesapeake, Virginia secreted inside an automobile engine block in the June 2015 cargo shipping container referenced above.

17. On or about September 16, 2014, Gilbert Elian purchased a Heckler & Koch, VP9, 9mm semiautomatic pistol, serial number 224011553, from Michigan Company B in Kent County, Michigan.  This pistol was recovered in Chesapeake, Virginia secreted inside an automobile engine block in the June 2015 cargo shipping container referenced above.

18.     In or about January 2013, defendant Walid Chehade purchased a Colt, 1991A1, .45 caliber semiautomatic pistol, serial number 2846893, from a federal firearms dealer in Grafton, Ohio.  This pistol was recovered in Chesapeake, Virginia secreted inside an automobile engine block in the June 2015 cargo shipping container referenced above.

19.     Between in or about January 2014 and in or about December 2014, Gilbert Elian purchased at least 50 firearms in the Western District of Michigan.

20.     In or about June 2015, Gilbert Elian traveled from the Western District of Michigan to the Northern District of Ohio for purposes of coordinating the shipment of firearms secreted inside automobile engine blocks and transmissions to Beirut, Lebanon.

21.     In or about June 2015, defendant Walid Chehade sent an electronic email communication to defendant Abdul Majid Saidi describing the shipping container number, seal number, and consignee address for the June 2015 shipment of firearms secreted inside automobile engine blocks and transmissions to Beirut, Lebanon.

22.     In or about June 2015, defendant Abdul Majid Saidi sent an electronic email communication to "Freight Forwarder A" in California detailing the shipper name, value, and weight of the shipping container for the June 2015 shipment of firearms secreted inside automobile engine blocks and transmissions to Beirut, Lebanon.

23. Between in or about June 2015 and in or about July 2015, defendants Abdul Majid Saidi and Walid Chehade, together with Gilbert Elian and others, caused the cargo shipping container containing firearms secreted inside automobile engine blocks and transmissions to be shipped from the Northern District of Ohio to Chesapeake, Virginia, where it was inspected and seized at the border by U.S. Customs and Border Protection officials.

18 U.S.C. § 371
22 U.S.C. § 2778(b)(2)
22 C.F.R. Parts 121, 127

## COUNT 2
(Smuggling Goods from the United States)

24.    The allegations contained in paragraphs 1 through 8 are realleged and incorporated by reference as if fully set forth in this paragraph.

25.    Between in or about May 2015 and in or about July 2015, in Kent County, in the Southern Division of the Western District of Michigan and elsewhere, the defendants,

ABDUL MAJID SAIDI and
WALID CHEHADE,

together with Gilbert Elian, did fraudulently and knowingly attempt to export and send from the United States one or more of the twenty firearms listed in Paragraph 12 above, contrary to any law and regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of one or more of the twenty firearms listed in Paragraph 12 above, prior to exportation, knowing the same to be intended for exportation, contrary to the AECA and ITAR.

18 U.S.C. § 554
18 U.S.C. § 2

## COUNT 3
(Dealing Firearms without a License)

26.     Between in or about December 2011, and on or about July 2015, in Kent County, in the Western District of Michigan and elsewhere,

ABDUL MAJID SAIDI and
WALID CHEHADE,

together with Gilbert Elian, not being licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)
18 U.S.C. § 2

## COUNT 4
(Money Laundering Conspiracy)

27.    Between in or about December 2011 and in or about July 2015, in the Western District of Michigan, and elsewhere,

> ABDUL MAJID SAIDI and
> WALID CHEHADE,

together with Gilbert Elian, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely to transport, transmit, or transfer, or attempt to transport, transmit, or transfer, monetary instruments or funds from the United States to or through a place outside the United States, or to the United States from or through a place outside the United States, with the intent to promote the carrying on of that specified unlawful activity, that is the conspiracy to knowingly and willfully export from the United States to locations outside thereof defense articles that were listed on the USML, without first obtaining the required license or written approval from the State Department alleged in Count One of this Indictment, in violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c) and 22 Code of Federal Regulations, Part 121, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

18 U.S.C. § 1956(h)

## FORFEITURE ALLEGATION
(Money Laundering Conspiracy)

28. The allegations contained in Count Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

29. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, the defendants,

ABDUL MAJID SAIDI and
WALID CHEHADE,

shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

30. MONEY JUDGMENT: The sum of money involved in the offense in violation of 18 U.S.C. § 1956(h).

31. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C.

§ 982(b)(1) and 28 U.S.C § 2461(c).

18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(b)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 1956(h)

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
CLAY M. WEST
Assistant United States Attorney